## UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | | |
|---|---|---|
| **JOHN JAMES DONOVAN,** | ) | |
| **PLAINTIFF** | ) ) ) | |
| v. | ) ) | CIVIL NO. 07-168-P-H |
| **BANK OF AMERICA,** | ) ) | |
| **DEFENDANT** | ) ) | |

### ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS

The plaintiff's motion for sanctions for spoliation and destruction or non-production of documents is **DENIED**. The plaintiff wants jury instructions about negative inferences that should be drawn. There are two categories of evidence for which the plaintiff seeks relief: first, an allegedly destroyed bank check; second, allegedly destroyed communications with a credit reporting agency.

The First Circuit has "held with some regularity that a trier of fact may (but need not) infer from a party's obliteration of a document relevant to a litigated issue that the contents of the document were unfavorable to that party." Testa v. Wal-Mart Stores, Inc., 144 F.3d 173, 177 (1st Cir. 1998). Since the plaintiff now has a photocopy of the allegedly obliterated bank check, however, there is no reason for drawing any inference about its contents. We *know* its contents. The fact that the original is missing does not justify any inference about its contents where the photocopy reveals the contents. Similarly, the plaintiff has obtained the

previously missing communications with the credit reporting agency from that agency's files.  So once again, there is no reason for drawing any inference about their contents.  We *know* their contents.  Thus, at the time of trial, there will be no "missing" evidence as to which the jury might draw negative inferences.  Instead, the jury will have the evidence and can make whatever findings are appropriate.  The plaintiff did not move for sanctions for a discovery violation under Fed. R. Civ. P. 37, nor did he seek a hearing over a discovery dispute under Local Rule 26.  Thus, I have no occasion to rule on whether any different sort of remedy would have been available under those rules.

**SO ORDERED.**

**DATED THIS 31ST DAY OF JULY, 2008**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**